THE CITIZENS RAILWAY COMPANY v. BRAXTON WADE AND F. S. WADE.

Decided November 15, 1905.

### 1.—Street Railway—Negligence.

Evidence considered and held to sustain a finding of negligence against an electric railway company in providing insufficient brakes to its car and in running it at too high speed, down grade and upon a sharp curve, where its derailment caused injury to a passenger.

### 2.—Personal Injury—Damages.

Evidence as to extent of personal injury to passenger in derailment of a street car considered and held to support a recovery of $2,000 in favor of the passenger, a minor, and $350 in favor of the parent.

### 3.—Negligence—Pleading—Grade of Track—Charge.

Though negligence in respect to grade of track was not alleged, the steepness of the grade was a matter to be considered and referred to in the charge as bearing on the question of the alleged negligence in running at too high rate of speed.

Appeal from the District Court of McLennan County. Tried below before Hon. Marshall Surratt.

The fifth paragraph of the court's charge was as follows: "If you believe from the evidence . . . that the heavy load on said car and steep declivity of the grade of said track after it was so started by said motorman so accelerated its movement that it was run by him at a high and dangerous rate of speed, and that he could not or did not control the movements thereof, nor stop the same, nor slacken its speed, so that when it reached the corner of said Herring Avenue and Fifth Streets it jumped from said track, and that said Braxton Wade was injured as a result thereof, and that under all the circumstances of this case as shown by the evidence such conduct on the part of the defendant, or its motorman in charge of said car, was negligence, and that said Braxton Wade was injured as a direct and proximate result of such negligence, then if you so find you will find for the plaintiffs."

*Clark & Bolinger* and *S. P. Ross,* for appellant.—The evidence failed

to show that the injuries complained of were caused, or in any manner contributed to by any negligent act of the defendant. Gulf, C. & S. F. Ry. Co. v. Renfro, 69 S. W. Rep., 648; Roe v. Thomason, 61 S. W. Rep., 528; Rea v. St. Louis S. W. Ry. Co., 73 S. W. Rep., 555; Flores v. Atchison, T. & S. F. Ry., 24 Texas Civ. App., 330.

The District Court erred in refusing to grant defendant a new trial on the ground that the verdict herein rendered is grossly excessive. Texas & P. Ry. v. Buckelew, 3 Texas Civ. App., 275.

The District Court erred in the fifth paragraph of his charge which authorized the jury to find that the defendant was guilty of negligence in the construction and maintenance of its track, because there is no allegation of any such negligence. Galveston, H. & S. A. Ry. Co. v. Kutac, 76 Texas, 473; Gulf, etc., Ry. Co. v. Dallas, 61 Texas, 205.

It is error for the court to unduly emphasize the condition of said track by employing the term "steep declivity." Crozier v. Kirker, 4 Texas, 257; Gulf, etc., Ry. Co. v. Dallas, 61 Texas, 205; East Texas Ins. Co. v. Brown, 82 Texas, 635.

*A. C. & D. M. Prendergast,* for appellee.—The court below did not err in overruling appellant's motion for new trial. St. Louis S. W. Ry. Co. v. Harkey, 13 Texas Ct. Rep., 51; Mexican Cent. Ry. Co. v. Lauricella, 87 Texas, 279; Galveston, H. & S. A. Ry. Co. v. Fales, 8 Texas Ct. Rep., 629; Texas & St. L. Ry. Co. v. Suggs, 62 Texas, 323; Gulf, C. & S. F. Ry. Co. v. Wilson, 79 Texas, 371; International & G. N. Ry. Co. v. Thompson, 8 Texas Ct. Rep., 760.

EIDSON, ASSOCIATE JUSTICE.—Appellees herein, plaintiffs below, each brought a separate suit in the court below against appellant for damages, Braxton Wade for personal injuries and F. S. Wade for loss of time and service and expenses incurred by reason of alleged personal injuries to Braxton Wade, his minor son.

Appellant answered in the court below by a general demurrer, general denial and a special answer, denying the acts of negligence set forth in appellees' petition.

The suits were, by agreement, consolidated and tried together. The trial before court and jury resulted in a verdict and judgment for the appellee Braxton Wade in the sum of $2,000, and for F. S. Wade in the sum of $350.

The grounds of negligence alleged against appellant by appellees are, in substance, that appellant's car in which Braxton Wade was a passenger at the time of the accident was, through the negligence of appellant, provided with defective and insufficient brakes, and other appliances with which to control the movements thereof, and on this account the motorman was unable to control the car, from which inability the accident resulted; and that appellant's motorman who was operating the car at that time carelessly and negligently ran same at an immoderate and excessive rate of speed, and thereby lost control over same, whereby the accident occurred. It appears from the allegations of the petition of appellees and the evidence which was uncontroverted, that appellant's track for a considerable distance approaching the point where the accident occurred, was down grade, and that at the point of the accident

there was a curve almost at right angles. The pleadings and evidence also show that the car took on a heavy load of passengers several blocks before reaching the point of the accident, all of such passengers remaining on the car up to the time of the accident.

By its first assignment of error, appellant complains of the action of the court below in overruling its motion for new trial upon the ground that the entire evidence wholly failed to show that the injuries complained of were caused or in any manner contributed to by any negligent act of appellant. Without discussing the evidence in detail, we think it is sufficient to support a finding of negligence on the part of appellant in providing the car with defective and insufficient brakes and other appliances with which to control its movements. And we also think that the evidence was sufficient to show that the motorman operating the car immediately before and at the time of the accident, negligently ran it at an excessive rate of speed, and that appellee Braxton Wade's injuries were the proximate result of these acts of negligence on the part of appellant.

Appellant's second assignment of error complains of the action of the court below in refusing to grant it a new trial on the ground that the verdict rendered "is grossly excessive, and so disproportioned to any injuries received by Braxton Wade or any damages sustained by the plaintiff F. S. Wade on account thereof, as to show that said verdict was the result of passion and prejudice on the part of the jury, and not their cool and deliberate judgment."

The testimony of Drs. Turner and Harrington shows that appellant Braxton Wade was seriously and permanently injured. Dr. Turner testified that he saw him soon after he received his injuries, and that he was suffering from the shock to such an extent that he was perfectly cold and bathed in cold perspiration; that he was suffering intensely; that he found the principal pain emanated from the small of the back between the tenth and twelfth joints of the spinal column, and went around on his right hip, following down the large nerve, the sciatic, to the knee joint; that it was necessary to give him very large doses of opiate to subdue the pain; that the muscles of the back were swollen and very much discolored, the least effort to change his position increased the pain very much; all of the region of the small of the back was excessively tender; the slightest pressure would cause him to cry out in pain. It was necessary to give him morphine injections frequently to alleviate the pain in the spine; that the catheter had to be used to draw off his urine, and that there was considerable blood in it; that being apprehensive of paralysis, he had the family call Dr. Harrington in consultation; that he and Dr. Harrington, on a more careful examination, found from the tenth to the twelfth joints of the backbone were severely strained and wrenched, loosening some of the ligaments that ran up and down the backbone which held the joints together; that this was one of the most severe strains of the spinal column he had ever known not to go into paralysis. For days he (the patient) could put no weight on his right leg, he would sink down unless supported; that his improvement up to May 11 was quite slow, the accident having occurred on April 21. There is still quite a painful condition in his back, and if he overworks a tired condition manifests itself very much more than

it would ordinarily. He drags his limb yet; he can not move his right leg off as well as his left, and he frequently catches his toe on any impediment in his way. That in the judgment of the witness, he will never get well; that witness was still treating him, and inferred that there would be times in the future when he would need the attention of a physician; that after treating him as long as he (witness) had and with his reading and knowledge of others he had seen in the past injured in the same part of the body, he arrived at the conclusion that he (Braxton Wade) will never permanently and absolutely recover.

Dr. Harrington testified to the effect that when he first saw Braxton Wade, that he was in considerable pain, and that his muscles and blood vessels and nerves were injured; that there was evidently some breaking of the blood vessels; that he examined him again in September, 1904, and found the right limb slightly smaller than the other, which would indicate special injury to the sciatic nerve; that he did not walk perfectly, and that there was a permanent weakness of the muscles of his back and probably some permanent weakness of the sciatic nerve.

F. S. Wade, the father of Braxton Wade, testified that previous to receiving the injuries alleged Braxton was in perfect health and finely physically developed, was about six feet tall, erect and well proportioned and weighed about 200 pounds; that since receiving his injuries, he had lost his fine physical form and had become hump-shouldered and had lost his erectness and physical symmetry. This witness also testified that before Braxton Wade was hurt he worked for him on the farm, and that he had not been able to do any work since his injuries, not even to draw a bucket of water.

In view of this testimony, we do not think the amount of the verdict and judgment in favor of Braxton Wade at all excessive.

The judgment in favor of F. S. Wade was justified by the evidence showing the amounts he had paid or contracted to pay for doctors' bills, and the cost of nursing his son while sick and the value of his services during his minority to the said F. S. Wade, lost to him on account of the injuries received by his son.

Appellant's third assignment of error complains of the fifth paragraph of the charge of the court, appellant's contention being that the court in said paragraph, in effect, authorized the jury to find that the defendant was guilty of negligence in the construction and maintenance of its track on Herring Avenue, in having a grade and steep declivity therein, and that this was error, because there was no allegation of any such negligence on the part of defendant set forth or relied upon by plaintiffs in their petition. We do not construe the language employed in this paragraph of the court's charge as instructing or authorizing the jury to pass upon the question as to whether or not the acts of appellant in constructing or maintaining its track with a grade and steep declivity therein constituted negligence. We think the language of the court, relative to the heavy load on the car and steep declivity of the grade, was simply the statement of conditions existing immediately before and at the time of the accident, which were conceded and about which there was no controversy, but which it was the duty of appellant to take into consideration in determining the care it should use in operating its car at the time. There was no negligence predicated upon the grade of the

track or the size of the load of passengers, but these conditions were alleged and proven to show the degree of care required of appellant in operating this particular car at and immediately before the accident. Negligence was predicated upon the defective brakes and other appliances provided by appellant to control the car, and the excessive rate of speed at which it was operated, and the charge of the court pointedly directed the minds of the jury to these matters as the controverted issues in the case, which in our opinion was proper.

We overrule appellant's fourth assignment of error for the reasons stated in disposing of its third assignment.

Finding no reversible error in the record, the judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.